UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAROL WILLIAMS,                          )
                                         )
          Plaintiff,                     )
                                         )
     vs.                                 )          Case No. 4:07CV01419 ERW
                                         )
RIGHTCHOICE MANAGED CARE, INC.,          )
d/b/a/ BLUE CROSS/BLUE SHIELD OF         )
MISSOURI,[1]                             )
                                         )
          Defendant.                     )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Complaint [doc.

#7].

## I.    BACKGROUND FACTS[2]

Carol Williams ("Plaintiff") is an African-American woman who worked for

RIGHTChoice Managed Care, Inc. ("Defendant") from September 1981 until August 2005.

Plaintiff claims discrimination, retaliation, and wrongful termination by Defendant, her former

employer.  Plaintiff worked in various capacities for Defendant in her twenty-four years of

service, but in March 2002 she was transferred to Defendant's "new business" department.

---

[1]Plaintiff incorrectly named Blue Cross/Blue Shield of Missouri as the Defendant in this matter.  RIGHTChoice Managed Care, Inc., is the proper Defendant, and therefore the Court will refer to them as such.

[2]Plaintiff's *pro se* complaint is a single paragraph alleging discrimination on the basis of race and retaliation for exercising her rights under the Family Medical Leave Act ("FMLA"). Plaintiff's response to Defendant's motion to dismiss contains a number of additional factual allegations.  While the Court recognizes that these allegations are not technically part of the pleadings, due to Plaintiff's *pro se* status, the Court will review these allegations in ruling on Defendant's motion.  The Court does not believe this will prejudice Defendant, as they took the same approach in their reply memorandum.

Plaintiff cites numerous instances in which she claims she was discriminated against by Defendant. On December 26, 2002, Plaintiff requested time off, but Defendant denied this request. Kristy Haas, an associate, was given this date off over the Plaintiff, because Plaintiff states, "I can't think of any other reason...besides to [sic] fact that Kristy is Caucasian and I'm black." Additionally, Plaintiff requested time off for October 13, 2004, but the request was denied. Plaintiff alleges that she worked on this date, however, in her file, she was cited for non-paid time ("NPT"). Plaintiff also notes that she requested time off for December 10 and 13, 2004, to assist her terminally ill mother. For the December 10 and 13, 2004 requests, Defendant would not allow Plaintiff the time off since two other employees were scheduled off. Despite Defendant's notification that the entire day could not be scheduled off, Plaintiff took December 13, 2004 off to care for her mother. Upon returning to work on December 14, 2004, Plaintiff alleges that tampering with her work area had occurred. Also, Plaintiff notes that unlike herself, Diane Boatwright ("Ms. Boatwright"), an associate, received various excused absences to care for a sick nephew; Plaintiff does not state whether this person was Caucasian or African American.

In addition to the alleged discrimination, Plaintiff alleges that she was harassed by Defendant. Specifically, Plaintiff states that, "[e]very time I took a day off the whole department wanted to know why." Plaintiff alleges that if she missed a day of work, she would have a lot of explaining to do upon her return, regarding the condition of her work.

Plaintiff went on FMLA leave beginning January 2005, and returned July 5, 2005.[3] Plaintiff received a written reprimand, after returning to work after following her extended FMLA

---

[3] FMLA limits the total amount of leave to twelve workweeks during a twelve month period. 29 C.F.R. § 825.100. In this case, FMLA allowed Plaintiff the time off to care for her terminally ill mother. *Id*. Plaintiff clearly exceeded the twelve weeks permitted by the statute, however, this was not cited as a basis for Plaintiff's termination.

leave, for arriving late to work due to a physical therapy appointment. Plaintiff states that she could not schedule her physical therapy appointments outside of work, because she had to take care of her mother in the morning and pick her son up by 6:00 pm. Additional incidents were reported from July 5-8, 2005 due to late absences.[4] On July 14, 2005, Plaintiff received a written warning for excessive unexcused tardiness.

## II.    PROCEDURAL HISTORY

This case was originally filed in state court, and was removed by Defendant to federal court on August 9, 2007. Defendant filed its Motion to Dismiss the claim on September 12, 2007. Plaintiff issued her response on October 24, 2007. Defendant filed its reply on November 9, 2007. Finally, Plaintiff filed a sur-reply on November 19, 2007. Plaintiff claims discrimination, harassment, retaliation, and wrongful termination and seeks $80,000 in back pay and compensation for mental anguish, harassment, and embarrassment.

## III.   LEGAL STANDARD

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be

---

[4]  There is a dispute between the parties regarding the requests for time off on October 13, 2004 & July 13, 2005. However, as this is before the Court on a motion to dismiss, the Court assumes that Plaintiff is correct, that she was denied these days off work, and that following that denial she worked those days.

3

dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) (citing *Conley*, 355 U.S. at 47) (emphasis added by *Bell Atlantic Corp.*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)). Furthermore, "[t]he Court need not accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. Mo. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## IV.    DISCUSSION

Plaintiff filed suit against Defendant alleging discrimination, harassment, retaliation, and wrongful termination. Specifically, she claims these actions occurred because of her race and because of Plaintiff's absences, which Plaintiff claims were required in order for Plaintiff to care for her terminally ill mother. Defendant claims that Plaintiff's recitation of workplace interactions do not present facts to support her claim against Defendant.

## A.    DISCRIMINATION

Plaintiff claims that she was discriminated by the Defendant at work due to her race.  In order to establish a prima facie case of racial discrimination, Plaintiff must show: 1) she is a member of a protected group; 2) she was meeting the legitimate expectations of her employer; 3) she suffered an adverse employment action; and 4) similarly situated employees who are not members of the protected group were treated differently.  *Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006); *Gilmore v. AT&T*, 319 F.3d 1042, 1046 (8th Cir. 2003).

Plaintiff is African American, and therefore satisfies the first element required to state a prima facie case of discrimination.  *Box*, 442 F.3d at 696.  Plaintiff admits extended use of FMLA leave, from January, 2005 to July, 2005, and further admits to incidents of tardiness upon her return to work.  Due to her confessed habitual tardiness, Plaintiff fails to satisfy the second element of a prima facie case of discrimination; namely that she was meeting Defendant's legitimate expectations.  *Id*.  While Plaintiff's termination certainly satisfies her burden to show that she suffered an adverse employment action, Plaintiff fails to allege any facts to support the fourth element of a prima facie discrimination case.  *Id.*  Plaintiff has alleged that five African Americans and one Caucasian worker were fired, but she does not provide examples of other Caucasian workers in a similar position that were not terminated.  Nor does she provide the specific facts surrounding these individuals' terminations.  Although Plaintiff mentions that Ms. Boatwright received time off to care for a nephew, she does not provide facts to demonstrate how Ms. Boatwright was a similarly situated employee who had exhausted FLMA leave and continued to arrive tardy for work.  *See Gilmore*, 319 F.3d at 1046 ("The individuals used as comparators 'must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.'" (quoting *Clark v.*

*Runyon*, 218 F.3d 915, 918 (8th Cir. 2000)).  Plaintiff has failed to allege facts sufficient to support a prima facie case of discrimination.[5]

Additionally, the Court notes that even if Plaintiff had presented a valid claim for discrimination, her claim would still fail as untimely.  A charge of discrimination must be filed within 180 days of the occurrence of the discrimination.[6]  *See* 42 U.S.C. § 2000e-5(e)(1); *see also* Mo. Rev. Stat.  § 213.111 (claim of discrimination under Missouri Human Rights Act can be brought no later than two years after alleged incident).  Plaintiff was terminated on August 15, 2005, for numerous unexcused absences and tardiness.  Assuming that this was the date of the occurrence of the discrimination,[7] Plaintiff was obligated to file her charge of discrimination no later than February 12, 2006.  Plaintiff did not file this action until July 6, 2007.  Therefore, Plaintiff's claim of discrimination is untimely.

## B.    HARASSMENT

Plaintiff also claims harassment by Defendant as the basis for discrimination.  Specifically, Plaintiff alleges that she was harassed by her supervisor, who upon Plaintiff's return to work, would require her to explain the status of her work, and that such requests were not made of other employees.  Plaintiff also alleges that she was harassed due to tampering of her desk by

---

[5]Plaintiff also basis her discrimination claim on Defendant's denial of Plaintiff's request for paid time off on December 10, 2004 and December 13, 2004.  As stated above, these claims are untimely.

[6]This time period is extended to 300 days if the complainant "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto . . .."  42 U.S.C. § 2000e-5(a)(1).

[7]An earlier date could arguably be used, as a number of Plaintiff's allegations refer to instances when Plaintiff was not permitted to take days off, or instances of harassment that occurred while she was employed.  However, as the date of termination is the latest possible date, the Court will use that date for purposes of the pending motion to dismiss.

others. Defendant disputes that these allegations are sufficient to form the basis of a claim for racial harassment under Title VII of the Civil Rights Act.

In order to prove racial harassment under Title VII, Plaintiff must show:

> 1) she is a member of a protected class; 2) unwelcome harassment occurred; 3) there is a causal nexus between the harassment and his protected-group status; 4) the harassment affected a term, condition, or privilege of employment; and 5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action.

*Hannoon v. Fawn Engineering Corp.*, 324 F.3d 1041, 1042 (8th Cir. 2003). "Such discriminatory harassment includes conduct so 'severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Robinson v. Valmont Industries*, 238 F.3d 1045, 1047 (8th Cir. 2001) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998)) (alterations in original). "Employees are entitled to a workplace free from 'discriminatory intimidation, ridicule, and insult' motivated by the employees' [sic] membership in a protected class." *Carter v. Chrysler Corp.*, 173 F.3d 693, 700 (8th Cir. 1999) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993)).

Plaintiff satisfies the first requirement, that she is a member of a protected class, and the Court assumes for purposes of this motion, that unwelcome harassment occurred. However, Plaintiff has not alleged facts that show a causal nexus between the harassment and Plaintiff's race. Plaintiff has alleged tampering occurred to her work desk, and that she had to explain the quality of her work following an absence. She has not alleged any facts that would support a connection between these actions and her race; the only statement made in Plaintiff's complaint is that she cannot think of any reason why this happened other than because of her race. The alleged harassment must be motivated by Plaintiff's membership in the protected class. *Carter*, 173 F.3d at 700. The Court concludes that Plaintiff has failed to satisfy the third requirement of a

prima facie case of harassment under Title VII. *Hannoon*, 324 F.3d at 1042. Plaintiff's allegation of harassment fails to state a claim under Title VII, and therefore Defendant's motion to dismiss this claim is granted.

### C. RETALIATION

Plaintiff also claims that she experienced retaliation for her use of FMLA leave. Defendant disputes that Plaintiff's termination was an exercise of her rights under the FMLA, but rather that it was due to Plaintiff's repeated absence, beyond the time permitted by the FMLA, and because of her excessive tardiness.

In order to establish a prima facie case of retaliation, the Plaintiff must establish: 1) she exercised rights under the FMLA; 2) she suffered an adverse employment action; and 3) there was a causal connection between the exercise of rights and the adverse employment action. *McBurnery v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998, 1002 (8th Cir. 2005). The well-established *McDonnell Douglas* burden shifting analysis is used, if plaintiff satisfies their obligation under the prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973).

Plaintiff has failed to allege facts sufficient to establish the first and third requirements articulated by the Eighth Circuit. Plaintiff did take FMLA leave to care for her mother, however, she had completed her statutorily provided twelve weeks of FMLA leave, three months before she returned to work. Therefore, Plaintiff was no longer exercising her rights under the FMLA when she took the additional time off to care for her mother. Plaintiff fails to meet the first element of the test.

Even if Plaintiff could satisfy the first requirement, she is not able to satisfy the third requirement.[8] Plaintiff has not alleged facts to establish a causal connection between her use of FMLA leave and her termination. In the one month following her extended FMLA leave, she missed several additional days of work, and had an excessive tardiness record. Plaintiff has not alleged any facts to suggest that the termination was because of her FMLA leave. The only basis for this inference is the temporal connection between her FMLA leave and her termination. However, the the Eighth Circuit in *McBurney*, held that while the time lapse between the protected conduct and the adverse action is an important factor, it is not dispositive. *McBurney*, 398 F.3d at 1003. "Generally more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." *Kiel v. Select Artificals, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999). While the Court recognizes that this case is not yet to the summary judgment stage, the Court does not see any facts which could be proven that could support a case for retaliation in accordance with the allegations in the complaint. Plaintiff's complaint specifically states that she was terminated because of her excessive tardiness, and not because of her extended FMLA leave of absence. This conduct occurred after she returned from FMLA leave. Therefore Defendant's motion to dismiss Plaintiff's retaliation claim is granted.

### D.    WRONGFUL TERMINATION

Finally, Plaintiff claims that Defendant wrongfully terminated her. Defendant disputes that Plaintiff was terminated because of her race. This claim alleges similar facts as those used to

---

[8]Plaintiff's termination satisfies the second requirement; that she suffered an adverse employment action. *McBurnery*, 398 F.3d at 1002.

support Plaintiff's allegation for discrimination, and retaliation, however, the Court will briefly address the claim as it contains slightly different elements.

In order to prove a prima facie case of wrongful termination, Plaintiff must show: 1) she belonged to a protected class; 2) she was qualified for the job; 3) she was discharged; and 4) after her discharge she was replaced by a person with similar qualifications. *Fjelsta v. Zogg Dermotoglogy, PLC*, 488 F.3d 804, 810 (8th Cir. 2007). The familiar *McDonnell Douglas* burden-shifting analysis is then applied. *McDonnell Douglas Corp.*, 411 U.S. at 802-803.

While Plaintiff is a member of a protected class, satisfying the first element, Plaintiff has not alleged facts to support the second and fourth requirements of a prima facie case. Plaintiff has stated that she was unable to schedule her appointments outside of work time, and therefore, had to arrive late to work. These statements show that Plaintiff cannot allege facts which would show she was qualified for the job; she was unable to be present during requisite business hours. Therefore the second requirement is not met. *See Fjelsta*, 488 F.3d at 810. Furthermore, Plaintiff has not alleged any facts in support of the fourth requirement, that she was replaced by a person with similar qualifications. *Id.* Plaintiff has made no allegations regarding her replacement.

The allegation of "wrongful termination" is a conclusory allegation which is only supported by Plaintiff's recitation of her work experience. The Supreme Court in *Bell Atlantic Corp.*, stated that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." 127 S.Ct. at 1964-65. Therefore, the Court concludes that Plaintiff cannot support a claim for wrongful termination, and Defendant's motion to dismiss this claim is granted.

V.     **CONCLUSION**

Although this Court extends its sympathy to Plaintiff for the loss of her mother, Plaintiff fails to meet the legal requirements for relief under Title VII, on any of the bases discussed above. Therefore, Defendant's Motion to Dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss [doc. #7] is **GRANTED.**

Dated this <u>7th</u> day of <u>March</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE